IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

USA,

                Plaintiff,

                                      No. 3:13-cr-00556-HZ

                                      OPINION & ORDER

     v.

Jorge Ortega, Jr.

                Defendant.

Fredric N. Weinhouse
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorney for Plaintiff

Ernest Warren, Jr.
WARREN & SUGARMAN
838 S.W. First Avenue, Suite 500
Portland, OR 97204

    Attorney for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Now before the Court is Jorge Ortega, Jr.'s motion to suppress [30]. Defendant seeks to suppress evidence of a pistol found during an inventory of his vehicle pursuant to a lawful stop. For the reasons that follow, Defendant's motion to suppress [30] is DENIED.

## BACKGROUND

On October 11, 2013, shortly after midnight, Portland Police Bureau ("PPB") Officer Adam Speer observed a Jaguar S-Type vehicle driving through a parking lot in Northeast Portland, Oregon. Speer observed that the vehicle failed to make a complete stop before entering the road from the parking lot, made a quick lane change into a left-hand turn lane, and came to a stop with the front of the car in the intersection. Speer ran the license plate of the Jaguar, which came back as a 1999 Cadillac Deville. Based on his observations of the Jaguar's traffic violations and the inconsistencies of the vehicle's make and model, Speer initiated a traffic stop.

The vehicle, however, did not come to an immediate stop. Rather, it continued for one-half of a block, pulled to the right, and then again pulled away and continued for approximately 150 feet before finally pulling over a few feet from the curb and partially within a marked bike lane.

Defendant was driving the Jaguar. With him was a female passenger who was sitting in the passenger seat. When Speer asked Defendant for his driver's license, Defendant represented that he did not have one, stated that his name was Joel Anthony Ortega, and handed Speer the vehicle's registration. Speer was unable to locate the name provided by Defendant after running the name in the police computer. Upon examining the vehicle's registration, Speer discovered that the license plates on the Jaguar did not match the license plate number on the vehicle's registration. When running the license plate number on the vehicle registration in the Portland

Police Data System ("PPDS"), Speer discovered that the car was registered to Jorge Ortega, who the system displayed as a felon. PPDS also displayed a photograph of Jorge Ortega, which matched Defendant.

Speer ordered Defendant to get of the Jaguar and conducted a safety pat down of Defendant, which resulted in approximately 4.16 grams of marijuana. Speer arrested Defendant for Giving False Information to a Police Officer in violation of ORS 807.620 and Failure to Carry or Present a License in violation of ORS 807.570. Speer also provided Defendant with Miranda warnings and placed Defendant in Speer's patrol vehicle.

Because the Jaguar was parked a few feet from the curb and was partially blocking a marked bike lane, Speer decided to have the vehicle towed.[1] Speer also decided to inventory the contents of the vehicle pursuant to the PPB inventory policy contained in Chapter 14C.10.030 of the Portland City Code. During the inventory of the vehicle, Speer discovered a small Louis Vuitton backpack lying upside down on the floorboard behind the passenger's seat. The small backpack was entirely leather and was marked with Louis Vuitton logos. The backpack measured approximately 8 inches x 3 inches x 11.5 inches–the length tapering from around 8 inches at the top of the backpack to approximately 4 to 5 inches at the base. The backpack also had 2 straps on the back. The backpack was lying upside down and upon picking it up, the pistol slid out of the open backpack and onto the floorboard behind the passenger's seat. Speer then seized the pistol.

### DISCUSSION

Defendant contends that the seizure of the pistol violated his Fourth Amendment rights and therefore, the evidence of the pistol must be suppressed. Defendant maintains that evidence

---

[1] The female passenger stated that she would get a ride home with a friend and was allowed to leave.

of the pistol must be suppressed because Speer's search was not incident to arrest and because Speer was "without authority to open the Louis Vuitton backpack" under PPB Chapter 14C.10.030. Def.'s Mem., p. 4. The Government, however, does not contend that the pistol was seized pursuant to a lawful search incident to arrest. Indeed, the Government concedes that the seizure of the pistol would not be proper under the search incident to arrest exception. Rather, the Government argues that the seizure of the pistol was proper under the PPB inventory policy, which according to the Government, allowed Speer to inventory the backpack and its contents. The Government also contends that Speer properly seized the pistol during the inventory because it was in plain view after it fell from the backpack onto the vehicle's floorboard.

Under the circumstances here, I conclude that the seizure of the pistol was proper. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. When a search is conducted without a warrant, as here, the analysis begins "with the basic rule that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment–subject only to a few specifically established and well-delineated exceptions.'" Arizona v. Gant, 556 U.S. 332, 338 (2009) (quotation marks and citation omitted). An inventory is one such exception that "may be 'reasonable' under the Fourth Amendment . . . ." E.g., Colorado v. Bertine, 479 U.S. 367, 371 (1987); see also South Dakota v. Opperman, 428 U.S. 364, 370-71 (1976) ("Applying the Fourth Amendment standard of 'reasonableness, the state courts have overwhelmingly concluded that,

4 - OPINION & ORDER

even if an inventory is characterized as a 'search,' the intrusion is constitutionally permissible.") (Citations omitted).[2]

An inventory, however, "must not be a ruse for a general rummaging in order to discover incriminating evidence. The policy or practice governing inventory searches should be designed to produce an inventory. The individual police officer must not be allowed so much latitude that inventory searches are turned into a purposeful and general means of discovering evidence of crime . . . ." Florida v. Wells, 495 U.S. 1, 4 (1990) (internal quotation marks and citations omitted). "Vehicular inventory searches must be conducted in accordance with the standard procedures . . . in order for procured evidence to be admitted in federal court." U.S. v. Maddox, 614 F.3d 1046, 1050 (9th Cir. 2010) (internal quotation marks and citations omitted).

Here, Speer's traffic stop was lawful because Defendant violated a number of traffic rules and because the license plates on Defendant's Jaguar were registered to a vehicle of a different model and make. Defendant's vehicle was also lawfully impounded because Defendant failed to present a driver's license, the vehicle did not have proper license plates, and the vehicle was an impediment where Defendant had parked it a few feet from the curb and within a marked bike lane. Defendant does not challenge the lawfulness of the traffic stop or the impoundment of his car.

Turning to the inventory of Defendant's vehicle, I conclude that it too was lawful. The PPB's inventory policy requires an officer to inventory the "contents of all vehicles impounded by [the] police officer . . . ." PPB Chapter 14C.10.030(A). The policy further requires an "inventory of personal property and the contents of open containers . . . throughout the passenger and engine compartments of the vehicle including, but not limited to, accessible areas under or

---

[2] "[I]nventory procedures serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." Bertine, 479 U.S. at 372.

5 - OPINION & ORDER

within the dashboard area, in any pockets in the doors or in the back of the front seat, in any console between the seats, under any floor mats and under the seats . . . ." PPB Chapter 14C.10.030(C)(1). The policy, however, also states, "[C]losed containers located either within the vehicle or any of the vehicle's compartments will not be opened for inventory purposes." PPB Chapter 14C.10.030(C)(3). Under PPB Chapter 14C.10.020, an "[o]pen container means a container which is unsecured or incompletely secured in such fashion that the container's contents are exposed to view." PPB Chapter 14C.10.020(B) (quotation marks omitted). A "[c]losed container means a container whose contents are not exposed to view." PPB Chapter 14C.10.020(C) (quotation marks omitted).

Here, Speer was required to inventory Defendant's vehicle pursuant to PPB Chapter 14C.10.030(A). Speer was also required to inventory the backpack and its contents because it constituted an "open container" pursuant to PPB Chapter 14C.10.020(C)(1). The evidence before the Court establishes that the backpack was unsecured and that its contents were exposed to view such that when Speer picked up the backpack, the pistol slid out of the backpack's unsecured opening and onto the floorboard of Defendant's vehicle.[3]

In sum, Speer properly inventoried the backpack and the pistol pursuant to PPB Chapter 14C.10.030. Accordingly, the lawful inventory of Defendant's backpack and its contents– specifically the pistol contained within the backpack, did not amount to an unreasonable search and seizure in violation of Defendant's Fourth Amendment rights. Having so concluded, I need

---

[3] Worth noting is that at the motion to suppress hearing held on February 25, 2014, the Government introduced a copy of PPB Chapter 14C.10.040 for the proposition that Speer could properly inventory the backpack as a "closed container." PPB Chapter 14C.10.040(C)(3) provides that "['closed containers'] will have its contents inventoried only when . . . [t]he closed container is designed for carrying money and/or small valuables on or about the person including, but not limited to, closed purses, closed coin purses, closed wallets and closed fanny packs." PPB Chapter 14C.10.040(C)(3). I decline to reach this question.

6 - OPINION & ORDER

not determine whether the pistol's seizure was proper under the plain view doctrine after Speer picked up the backpack and the pistol fell out onto the floorboard.

## CONCLUSION

Defendant's motion to suppress [30] is DENIED.

IT IS SO ORDERED.

Dated this \_\_6\_\_ day of \_\_March\_\_, 2014.

_____
MARCO A. HERNANDEZ
United States District Judge

7 - OPINION & ORDER